UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

                                  Case No.  21-20141

v.

                                  Hon. Judith E. Levy

Danny Jo Thompson II,

        Defendant.

_____/

### Stipulation and Proposed Order to Continue the Final Pretrial Conference, the Trial, and Find Excludable Delay

The parties stipulate to continue the final pretrial conference and plea hearing currently set for May 19 until June 14, 2021 at 3:30 p.m. and the trial date currently set for June 1 until August 2, 2021. The parties further stipulate, and jointly move for the Court to find, that the time period between May 19 and August 2, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. Subsequently, Governor Whitmer has issued executive orders continuing the state of emergency, the most recent of which was issued on June 18, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities. The Governor's executive orders require all individuals to "follow social distancing measures recommended by the Centers for Disease Control and Prevention" and "[w]ear a face covering over his or her nose and mouth . . . when in any enclosed public space."

- In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court

2

postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

- On July 2, 2020, this court superseded Administrative Order 20-AO-021 with Administrative Order 20-AO-38, which notes that "[j]ury trials during the pandemic present unique challenges." The continuing need for the social distancing mandated by Governor Whitmer's executive orders makes impracticable if not impossible activities necessary for the conduct of trials, such as the gathering of large jury venire pools, the voir dire process, and the seating of

jurors in a jury box. Administrative Order 20-AO-38 also recognizes that "[c]onventional courtroom layouts do not allow jury trial participants to adhere to the necessary precautions to reduce the possibility of exposure to the disease." Likewise, social distancing and the wearing of facemasks impose significant barriers to effective communication both before and during trials between defendants and defense counsel, among members of the prosecution team, and between attorneys and witnesses.

- Administrative Order 20-AO-38 also states:

  > Jury trials will not resume until the following can be accomplished:
  >
  > - screening can be commenced on potential jurors to minimize the chance of an infected individual entering the courthouse;
  >
  > - courtrooms and jury gathering spaces can be modified to comply with physical distancing and safety requirements; [and]
  >
  > - prospective jurors and sworn jurors can be provided with personal protective equipment (e.g., face masks, gloves, possibly face shields) where necessary.

- To date, these conditions have not been achieved, and it is unclear at this time when they will be.  Thus, as of now, criminal trials have not resumed in the Eastern District of Michigan.

4

- On July 21, 2020, this court issued Administrative Order 20-AO-39, which explicitly found, after considering current conditions in the state of Michigan, that "proceeding with a jury trial at this time would be impossible, or result in a miscarriage of justice." Having made further generally applicable findings relating to the ability of counsel to prepare and the court's ability to safely convene juries and bring counsel and court staff into courtrooms, the court concluded this AO by excluding delay under 18 U.S.C. § 3161(h)(7)(A) from July 2, 2020, until further order of the court.

- As a result, the failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-39, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.

- In addition, the substantial impediment to effective trial preparation caused by the pandemic supports an ends-of-justice continuance of the trial in this case. These case-specific reasons include the inability of counsel for the defendant and for the government to adequately prepare for trial. Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial. Counsel also have limited ability to access materials, visit and interview witnesses (including, if appropriate, expert witnesses), meet with government counsel, and review discovery materials in the custody of the government. Counsel for the government are similarly limited in their ability to meet with agents and witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent

possible. Trial preparation necessarily involves close contact with colleagues, witnesses, and others.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

- Additionally, the discovery in this case is voluminous, including the contents of several social media accounts. Defense counsel needs additional time to review this material and advise his client on the best way to proceed.

The parties therefore request that the Court grant a continuance of pretrial and trial dates and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this

continuance outweigh the best interests of the public and the defendant

in a speedy trial.

Respectfully submitted,


Saima S. Mohsin
Acting United States Attorney


*s/ Hank Moon*                              *s/ Bill Amadeo (with consent)*
Assistant United States Attorney    William Amadeo
211 W. Fort Street, Suite 2001       Attorney for Danny Jo Thompson
Detroit, MI 48226
hank.moon@usdoj.gov
(313) 226-0220

Date: May 10, 2021

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

                                 Case No.  21-20141

v.

                                 Hon. Judith E. Levy

Danny Jo Thompson II,

        Defendant.

_____/

### Order Continuing the Final Pretrial Conference, the Trial, and Finding Excludable Delay

The Court has considered the parties' stipulation and joint motion to continue the trial, the final pretrial conference, and for a finding that the time period from May 19, 2021 through August 2, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from May 19, 2021 through August 2, 2021 qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.

- The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.

- As a result, failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the

2

exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

- The Court also finds that defense counsel and the defendant need additional time to review the discovery in this case and prepare for pretrial hearings or trial.

IT IS THEREFORE ORDERED that the time from May 19, 2021 through August 2, 2021 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED that the final pretrial conference/plea date hearing is reset for June 14, 2021 at 3:30 p.m., and the trial in this case is reset for August 2, 2021 at 8:30 a.m.

Date: May 10, 2021

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

3